```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
RENZER BELL,                                                   :
                                                               :
                                        Plaintiff,             :     1:17-cv-5820-GHW
                                                               :
                      -against-                                :     ORDER OF DISMISSAL
                                                               :
ANDREW MICHAEL KOSS, a/k/a/                                    :
MICHAEL KOSS, JOHN DOE, EXOTIC                                 :
EURO CARS, and ABC Corporations being                          :
unknown, and fictitious at this time,                          :
                                                               :
                                        Defendants.            :
                                                               :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/27/2017

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on August 1, 2017 against the above-captioned defendants. As the basis for this Court's subject matter jurisdiction, plaintiff invoked 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ("Compl."). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

In the complaint, Plaintiff asserted that Defendant Exotic Euro Cars is a general partnership, a limited partnership, a limited liability company, and a corporation. Compl. ¶¶ 9-12. As a result, the Court could not determine whether it had subject matter jurisdiction over the action, and therefore on September 19, 2017, the Court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 3.

By letter dated September 22, 2017, Plaintiff requested an extension of time to respond to the order to show cause. Dkt. No. 4. The request for an extension is denied. Plaintiff was afforded

the opportunity to provide a factual predicate for his assertions of jurisdiction; the letter submitted in response does not provide additional facts to cure the deficiencies identified in the Court's order to show cause. Instead, the letter suggests that Plaintiff does not have clear information regarding the citizenship of Defendant Exotic Euro Cars, by noting that it is "likely" that Defendant will be alleged to be a California corporation, but that the structure is "fluid."

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte.*" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, this case is dismissed without prejudice. Plaintiff may file a new action that properly asserts this Court's jurisdiction, or may pursue his claims in state court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to close the case.

SO ORDERED.

Dated: September 27, 2017  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge